2013 MAY 15  PM 5: 22

# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRI WASHBURN, | Case No:   GLR 13 CV 1438 |
| Petitioner, | |
| -vs- | FILED _____ ENTERED<br>LODGED _____ RECEIVED<br>MAY 15 2013<br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>NIGHT DROP BOX |
| UNITED STATES OF AMERICA | |
| Respondent. | |

## PETITION TO QUASH THIRD PARTY
## IRS SUMMONSES

COMES NOW Terri Washburn, Petitioner *pro se*, who files this Petition pursuant to 26 U.S.C. § 7609 (b)(2) to quash alleged Administrative Summonses, Forms 2039 (Petitioner's Exhibits 1 and 2), both issued the 25th day of April, 2013, and served upon Tower Federal Credit Union, 7901 Sandy Spring Road, Laurel, Maryland 20707.

### Jurisdiction

This court has jurisdiction to hear any proceeding brought under 26 U.S.C. §

7609(b)(2), pursuant to 26 U.S.C. § 7609 (h). Venue is also proper, because the Credit Union (to whom the summonses are directed) is found within this judicial district.

## Parties

1.  The Petitioner in this action is Terri Washburn. Her mailing address is 6458 Pamadeva Road, Hanover, Pa. 17331.

2.  The Respondent in this action is the United States of America. Internal Revenue Officer Erik J. Eberz issued the summonses. His mailing address appears as 1720 Hempstead Rd., Bldg. 144, Lancaster, Pa. 17601.

3.  The third party, from whom the summoned records are sought, is Tower Federal Credit Union, at 7901 Sandy Spring Road, Laurel, Md. 20707.

## Facts

1.  The issuing officer of the summonses is Erik J. Eberz, the approving officer's name is unknown, but he or she is designated an "Acting Group Manager." The summonses show an issuance date of April 25, 2013, the certified mail envelopes bear a postmark of the same date. (See Ex. 1 and 2).

2.  One summons (Ex. 1) was issued in the matter of "Terri Washburn," the other (Ex. 2) was issued in the matter of "Timothy Washburn," but both

summonses contain the exact same demand for records relating to "accounts with your bank on which Timothy J. Washburn or Terri M. Washburn is named as a depositor."

3.  Terri Washburn was not mailed notice of the summons issued "in the matter of Timothy J Washburn," which summons nevertheless demands bank records with respect to Terri Washburn, in violation of 26 U.S.C. § 7609 (a)(1) and 12 U.S.C. § 3405.

4.  The documents sought within the summonses are said to be "for the periods shown" on "Attachment 1 to Summons Form 2039," which in turn states "Period information Form 1040 for … 2002 … 2003 … 2004 … 2005 … 2006 … 2007 … 2008 … 2009 … 2010 … 2011."

5.  Examination of the summonses themselves show they demand information and documents concerning the year 2012, documents and records which are irrelevant with respect to subject tax periods 2002-2011.

6.  Erik J. Eberz failed to provide advance notice of third-party contact regarding the determination or collection of tax liability to Terri Washburn, as required by 26 U.S.C. § 7602(c), thus failing to take the administrative steps required before issuing the summonses. (Ex. 3)

7.  For all periods stated in the summonses, Terri Washburn has been an

unemployed homemaker with no income tax liability, a fact known to Erik J. Eberz, the Revenue Officer who issued the summons.  (Ex. 3 and 4).

8.   The IRS has no assessments or outstanding balances against Terri Washburn, and thus any and all records and documents summoned for the purpose of the "collection of a tax liability" are irrelevant and improper. (Ex. 3).

9.   Revenue Officer Erik J. Eberz falsified documents in his possession to make it appear that "income" received by Timothy Washburn was deposited into accounts at Tower Federal Credit Union, and has failed to correct those documents. (Ex. 4).

10.   The summonses request documents and records in the form of "signature cards" (item "11") and "private banking information" (item "12") (Ex. 1 and 2); the former is irrelevant to an inquiry with respect to tax liability or its collection, the latter is overbroad and vague.

11.   The summonses request copies of cancelled checks (item "2") and "loan applications (item "3"), which are not relevant to ascertaining whether there is a tax liability for the years at issue.

12.   Revenue Officer Erik J. Eberz has failed to establish that Terri Washburn is a person "liable for tax" so as to invoke the investigative powers

conferred by 26 U.S.C. § 7602(a) or other provisions of the Internal Revenue Code.

13.     Given the facts in ¶¶ 7-9, above, the details of financial transactions demanded in the summonses constitute an *unnecessary* examination and investigation, which is prohibited by 26 U.S.C. § 7605(b), and the summonses rise to the level of harassment.

14.     For the reasons set forth in paragraphs 1 through 13, the summonses issued by Revenue Officer Erik J. Eberz fail the standard set by *United States v. Powell*, 379 U.S. 48 (1964), and should be quashed because they are not issued for a legitimate purpose, the proper administrative steps were not followed, Terri Washburn was not properly noticed, and the officer is operating in bad faith.

### Points and Authorities

The United States Supreme Court, in *United States v. Powell*, 379 U.S. 48, 85 (1964) has stated that the summons power is properly used when the underlying investigation is conducted pursuant to a legitimate purpose, the summons' inquiry is relevant to that legitimate purpose, the requested information is not already in the summonsing agent's possession, and that all administrative steps have been followed. While the court established that the IRS has therefore only a slight

burden of proof with respect to a showing that its summons power is being used legitimately, statutes passed by Congress are not without meaning, and 26 U.S.C. § 7609 (b)(2) provides that "notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons ..." With this statute, Congress clearly intended to provide a measure of protection from the abuse of power which may accompany overzealous employees of the IRS.

It is improper, and an abuse of power, for a revenue officer to issue a summons for a fishing expedition, in the idle hope that something will turn up. In this instance, the Revenue Officer is in possession of direct testimony and full knowledge that Petitioner is a homemaker without any "taxable income," much less "gross income," as defined by the Internal Revenue Code. As the Supreme Court noted in *United States v. Arthur Young & Co.,* 465 U.S. 805 (1984) with respect to the question of relevance, that the documents summoned "might have thrown light upon the correctness of the return" is the standard widely accepted among the Courts of Appeals.  In *United States v. Harrington,* 388 F.2d 520, 524 (1968), the Second Circuit amplified this test by stating that "the 'might' in the articulated standard, 'might throw light upon the correctness of the return,' is . . .

an indication of a realistic expectation, rather than an idle hope that something may be discovered."

Revenue Officer Eberz has full knowledge, and sworn testimony gathered from a summons action against Petitioner's husband, that Petitioner is a homemaker and has no "gross income." He also has full knowledge that she has accordingly never been required to, and has never, filed a return for the years 2002 through the present. What legitimate purpose could he have in requesting credit union records belonging to her with respect to her? While it is not necessary for him to have probable cause in order to issue a summons, it is submitted that he ought at least be able to show this Court some reasonable, articulate suspicion that demanding a full ten years' worth of deposit and cancelled check records is not a complete waste of time and resources; in other words, that it doesn't just represent an idle hope that something may be discovered. It is submitted that it is completely *unnecessary* to inquire into a tax liability or the collection of a tax liability with respect to Petitioner. Congress explicitly stated, at 26 U.S.C. § 7605(b): (b) Restrictions on examination of taxpayer.  No taxpayer shall be subjected to *unnecessary* examination or investigations, ..." (emphasis added).

With respect to the *Powell* standard, Respondent has also failed the administrative steps required under 26 U.S.C. § 7602(c), by not notifying

Petitioner in advance of any *third-party contacts* — indeed, of having never notified her in any way that she was required to file a return for any of the years in question. Respondent further failed the administrative step of providing Terri Washburn with notice of the Summons entitled "in the matter of Timothy J Washburn," (Exhibit 2) to which notice she was entitled under § 7609(a).

### Prayer for relief

Petitioner prays that this court quash the third-party administrative summonses dated April 25, 2013, directed to Tower Federal Credit Union, insofar as they reference records regarding accounts in the name or under the control of Terri M. Washburn, or in the alternative, modify the overbreadth of the Summonses to only those records which might be relevant to the matter of liability.

Furthermore, Petitioner asks that this court enter a judgment in favor of Petitioner and against the United States, ordering the United States to pay for all costs related to these proceedings.

Respectfully submitted this 15th day of May, 2013.

*Terri Washburn*

Terri Washburn, *pro se*
6458 Pamadeva Road
Hanover, PA 17331
717-637-7809

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

TERRI WASHBURN,                           | Case No:
                                          |
                      Petitioner,         |
                                          |
                                          |
    -vs-                                  |
                                          |
UNITED STATES OF AMERICA                  |
                                          |
                      Respondent.         |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PETITION TO
QUASH THIRD PARTY IRS SUMMONSES has been mailed by certified mail,
this 15th day of May, 2013, to the following:

Tower Federal Credit Union
7901 Sandy Spring Road
Laurel, MD 20707

Erik J. Eberz, Revenue Officer
Internal Revenue Service
1720 Hempstead Rd., Building 144
Lancaster, PA  17601

*Terri Washburn*
Terri Washburn

- 9 -